UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
EVO MERCHANT SERVICES, LLC
as successor by merger to MERCHANT
SERVICES, INC.,

             Plaintiffs,

     -against-

FIRE USA INC. and SALIMA RATTANSI,

             Defendants.
--------------------------------------------------------------X

MEMORANDUM AND ORDER

CV 12-6152

(Wexler, J.)

APPEARANCES:

Douglas J. Bilotti, Esq.
515 Broadhollow Road
Melville, NY 11747
Attorney for Plaintiff

Cobert, Haber & Haber
By: Eugene F. Haber, Esq.
    Marc Weissman, Esq.
1050 Franklin Avenue, Suite 300
Garden City, NY 11530
Attorneys for Defendants

WEXLER, District Judge:

     Plaintiff EVO Merchant Services, LLC ("Plaintiff" or "EVO") moves for judgment on the

pleadings under Rule 12(c) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") or in the

alternative for summary judgment under Rule 56 of the Fed.R.Civ.P. on all claims asserted

against the Defendants FIRE USA Inc. ("FIRE") and Salima Rattansi ("Rattansi") (collectively

"Defendants"). For the reasons stated below, Plaintiff's motion is granted.

BACKGROUND

Plaintiff brought this action in the Supreme Court of the State of New York, Suffolk County, alleging four causes of action concerning a electronic bank card processing agreement dated November 20, 2011 between FIRE, EVO, HSBS Bank USA, N.A. and Global Payments Direct, Inc. to allow FIRE to accept electronic bank cards for payment by its customers for its services ("Merchant Agreement" or "Agreement"). See Complaint ("Cmplt."), ¶ 7; Exhibit ("Ex.") A to Complaint: Merchant Agreement. As part of the Merchant Agreement, Plaintiff claims Defendant Rattansi signed a guaranty ("Rattansi Guaranty" or "Guaranty") with respect to the obligations contained in the Merchant Agreement. See Cmplt., ¶ 22-28; Ex. A, at 2. The Merchant Agreement lists Defendant Rattansi as President. Id., at 1. Defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446.

The Complaint alleges that pursuant to the Merchant Agreement, FIRE sold tickets for a music festival scheduled for August 10 through 12, 2012, and accepted credit card payments for the sale of those tickets through the arrangement created by the Merchant Agreement. The show was subsequently cancelled. After the cancellation, the credit card companies determined that the thousands of sales should be reversed, creating "chargebacks," and the ticket money was refunded to the purchasers by EVO. See Cmplt., ¶ 8-12. Plaintiff alleges that pursuant to Section 4(B) of the Merchant Agreement, FIRE agreed to be fully liable for all "chargebacks," but has refused to pay. At the time of filing of the action, the amount owed was $1,823,275.00 plus interest. Cmplt. ¶ 13-17. The Complaint also seeks attorneys' fees pursuant to Section 16(G) of the Merchant Agreement. Cmplt., ¶ 18-20. Claims for the chargebacks and attorneys' fees are also brought against Defendant Rattansi pursuant to the Guaranty.

Plaintiff moves for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") or in the alternative for summary judgment under Rule 56 of the Fed.R.Civ.P.

## DISCUSSION

### I. Legal Principles

#### 1. Standards on a Motion for Judgment on the Pleadings

A motion for judgment on the pleadings is analyzed with the same standard as a motion to dismiss under Rule 12(b)(6). Effie Film, LLC v. Murphy, 2014 WL 1797466, *1 (2d Cir. 2014). When reviewing a motion under Rule 12(c), "the court considers 'the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case.'" Abdul-Rahman v. City of New York, 2012 WL 1077762, *2-3 (E.D.N.Y. 2012) (quoting Roberts v. Babkiewicz, 582 F.3d 418, 419 (2d Cir. 2009)).

Since the Court has considered matters outside the pleadings submitted by the parties, such as affidavits and a Local Rule 56.1 Statement, the Court will review this motion under the alternative theory propounded by Plaintiff -- as one for summary judgment. Spear v. City of Buffalo, 2014 WL 1053987, *6 (W.D.N.Y. 2014); see also Rule 12(d) ("If on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.")

#### 2. Standards on Motion for Summary Judgment

The standards for summary judgment are well settled. Rule 56(a) of the Federal Rules of Civil Procedure states that summary judgment is appropriate only if "the movant shows that there

is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); Mihalik v. Credit Agricole Cheuvreux North America, Inc., 715 F.3d 102, 108 (2d Cir. 2013). The moving party bears the burden of showing entitlement to summary judgment. See Huminski v. Corsones, 396 F.3d 53, 69 (2d Cir. 2005). In the context of a Rule 56 motion, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 122 (2d Cir. 2004).

Once the moving party has met its burden, the opposing party "'must do more than simply show that there is some metaphysical doubt as to the material facts .... [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.'" Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002), quoting, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). As the Supreme Court has stated, "the mere existence of some alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The nonmoving party may not rest upon mere conclusory allegations or denials but must set forth "'concrete particulars'" showing that a trial is needed. R.G. Group, Inc. v. Horn & Hardart Co., 751 F.2d 69, 77 (2d Cir. 1984), quoting, SEC v. Research Automation Corp., 585 F.2d 31, 33 (2d Cir.1978). Accordingly, it is insufficient for a party opposing summary judgment " 'merely to assert a conclusion without supplying supporting arguments or facts.' " BellSouth Telecomms., Inc. v. W.R. Grace & Co., 77 F.3d 603, 615 (2d Cir. 1996), quoting, Research Automation Corp., 585 F.2d at 33.

-4-

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. ... There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party... If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 248-250 (citations omitted).

II. Disposition of the Motion

1. Arguments

In support of its motion, Plaintiff provides a declaration from Jeff Rosenblatt, the President of EVO, detailing the execution of the Merchant Agreement by FIRE and the Guaranty by Rattansi, the sales made concerning the music festival scheduled for August 2012, the cancellation of the festival, the chargebacks that resulted, and FIRE's failure to repay the chargebacks. Mr. Rosenblatt claims that the amount currently owed is $2,619154.11. See Declaration of Jeff Rosenblatt ("Rosenblatt Dec."). EVO's counsel also submitted a declaration, which details attorneys' fees spent in the amount of $4,830.00. See Declaration of Douglas J. Bilotti ("Bilotti Dec."). Plaintiff also submitted a Local 56.1 Statement in Support of its Motion for Summary Judgment ("Rule 56.1 Statement") outlining certain relevant facts.

In their opposition, Defendants did not submit a Local 56.1 Counter-Statement refuting any of Plaintiff's factual assertions. Instead, Defendants merely submitted an affidavit from Defendant Rattansi stating that she is the President of FIRE USA INC., and asserting that the signature on the Merchant Agreement or Guaranty is not hers. She states she has "no recollection at all of signing this Agreement." See Affidavit of Salima Rattansi ("Rattansi Aff."),

-5-

¶ 2. She avers that "[t]here were no other persons that were permitted to sign on behalf of FIRE USA," id., and that "I have no knowledge of any person that signed this Agreement on behalf of either FIRE USA or on behalf of myself. No person signed this Agreement with my knowledge or consent." Id., ¶ 4. She also denies signing the Guaranty. Id., at 5. To her affidavit, Rattansi attached other samples of her signature -- her Canadian passport, a deed she signed in front of a notary, and a copy of her driver's license -- to show that her signature is different. An Affirmation in Opposition to Motion for Summary Judgment by her lawyer, Eugene Haber, Esq. ("Haber Aff. in Opp.") cites legal argument and claims it is "crystal clear" that the signatures on the Merchant Agreement and Guaranty do not match the ones on the exhibits submitted by Rattansi.

In reply, Plaintiff submits a declaration from Curtis DeSilva, the Vice President of Credit Services for EVO stating that EVO's underwriting file contains four examples of Rattansi's signature, collected in part as examplars of her signature. In addition, Rattansi provided EVO with a copy of the same Canadian passport to confirm the authenticity of her signature on the Merchant Agreement and Guaranty. See Declaration of Curtis DeSilva, ¶ 4-7. Plaintiff's Vice President of Chargebacks also submitted a reply declaration stating that EVO submitted chargebacks notices to FIRE totalling $2,619,154.11. None of those chargebacks were ever returned to EVO, nor did FIRE ever communicate with EVO to question them. See Declaration of Domenico Cirone, ¶ 4-10. Finally, Plaintiff's Vice President of Client Services also submitted a declaration explaining that once the merchant account was established in November 2011, monthly merchant statements were sent to FIRE and over $2,000,000.00 was "settled into FIRE's bank account." Despite FIRE's claims now that the signatures on the Merchant Agreement and

Guaranty are fraudulent, FIRE never communicated with EVO to question to why they were receiving the monthly statements or the extensive bank deposits.

2. Disposition

The Court first notes Defendants' failure to submit a Local Civil Rule 56.1 Counter-Statement. Local Civil Rule 56.1 of the Local Civil Rules of the Eastern and Southern Districts of New York states that a party opposing a summary judgment motion shall respond to the statement of the moving party, and that the facts set forth by the moving party "will be deemed to be admitted" unless specifically controverted by the opposing party. See Local Rule 56.1(b) & (c). Here, since Defendants failed to submit a counter Local Rule 56.1 Statement, the facts propounded in Plaintiff's statement are deemed admitted. Suares v. Cityscape Tours, Inc., 2014 WL 969661, *2 (S.D.N.Y. 2014) (citing Amnesty Am. v. Town of W. Hartford, 288 F.3d 467, 470 (2d Cir. 2002). Even if the Court were to, in its discretion, waive the formal requirement of a responsive Rule 56.1 counter-statement, a review of the record makes clear that the only fact that the Defendants dispute is that Defendant Rattansi signed the Merchant Agreement or Guaranty. No where in their opposition papers do Defendants dispute that FIRE accepted credit card payments for the ticket sales, that sales were reversed after the show was cancelled, that EVO refunded the money to the purchasers, or that EVO sought the chargebacks from FIRE.

The Court is persuaded by Plaintiff's arguments that Rattansi's claim that she did not sign the Agreement or Guaranty is frankly not reasonable or credible in light of the following undisputed facts: FIRE accepted credit card payments for the ticket sales, the sales were reversed after the show was cancelled, EVO refunded the money to the purchasers, and EVO sought the chargebacks from FIRE. Plaintiff's reply declarations further assert that FIRE received over $2

million in deposits in its bank account for the ticket sales, and received monthly statements concerning those sales as well as voluminous notices concerning the chargebacks. If the Agreement and Guaranty were fraudulently signed as Defendants claim, it is not reasonable that neither FIRE nor Rattansi ever inquired as to why they received deposits in those amounts, statements reflecting the sales and the refunds, or questioned why EVO even sought repayment. The Court finds that no reasonable juror[1] could conclude that Defendants are not liable under the Merchant Agreement and Guaranty. <u>See</u> <u>Amnesty Am. v. Town of W. Hartford</u>, 361 F.3d 113, 122 (2d Cir. 2004) (affirming summary judgment where "no reasonable juror" could conclude that plaintiffs established their claims). Thus, finding there is no genuine dispute as to any material fact, Plaintiff's motion for summary judgment is granted. <u>Mihalik v. Credit Agricole Cheuvreux North America, Inc.</u>, 715 F.3d 102, 108 (2d Cir. 2013).

CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is granted in its entirety. Plaintiff is directed to submit to the Court a proposed order of judgment against the Defendants including the current outstanding amount owed, interest, costs and attorneys' fees within two weeks of this order. In addition, the Clerk of the Court is directed to amend the caption as reflected here in light of the parties' stipulated discontinuance of the third-party action.

SO ORDERED.                                       s/ Leonard D. Wexler

                                                  LEONARD D. WEXLER
                                                  UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       August 11, 2014

---

[1]While there is no demand for a jury in this case, this standard applies to any fact finder.